ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
MIEKE K. MALMBERG - State Bar No. 209992
mmalmberg@glaserweil.com
JESSICA E. MENDELSON - State Bar No. 280388
jmendelson@glaserweil.com
DAN LIU - State Bar No. 287074
dliu@glaserweil.com
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920

*NOTE CHANGES MADE BY THE COURT*

*Attorneys for Defendant*
*Dole Food Company, Inc.*

*NOTE CHANGES MADE BY THE COURT*

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| OCEANOVAC, INC., a California corporation,<br><br>              Plaintiff,<br><br>v.<br><br>DOLE FOOD COMPANY, INC., a Delaware corporation, and Does 1-10<br><br>              Defendants. | CASE NO.: 2:15-cv-05017-GW(AGRx)<br><br>Hon. George H. Wu<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |

*NOTE CHANGES MADE BY THE COURT*

Glaser Weil

1103904

# I.    PURPOSES AND LIMITATIONS

1.    Disclosure and discovery activity in the above captioned case, styled as *Oceanovac, Inc. v. Dole Food Company, Inc. et al.*, Case No. 2:15-cv-05017-GW-AGRx (C.D. Cal.) (the "Litigation") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation is warranted. Accordingly, Plaintiff Oceanovac, Inc. ("Oceanovac") and Defendant Dole Food Company, Inc. ("Dole") hereby stipulate to and petition the Court to enter this Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 61 (Filing Protected Material), below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

# II.    DEFINITIONS

2.    "Competitive Decision-Maker": An officer, member, employee, partner, investor, or financial stakeholder in a named Party to the Litigation (including all predecessors, successors, subsidiaries, divisions, and/or affiliates thereof) who is involved in "Competitive Decision-Making" for that party, as defined below.

3.    "Challenging Party": a Party or Non-Party that challenges the designation of information or items under this Order.

4.    "Competitive Decision-Making": (1) Patent prosecution activity that involves drafting, amending or surrendering patent claims, including those in re-examination or contested proceedings, directed to method or apparatus for processing or preserving produce; (2) Identification, analysis or valuation of patents for

1

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  acquisitions relating to method or apparatus for processing or preserving produce; or

2  (3) Design, development, management, or outsourcing the design or development of

3  technical features of method or apparatus for processing or preserving produce.

4       5.      "CONFIDENTIAL" Information or Items: information (regardless of

5  how it is generated, stored or maintained) or tangible things that qualify for protection

6  under Federal Rule of Civil Procedure 26(c).

7       6.      "Counsel" (without qualifier): Outside Counsel and In House Counsel.

8       7.      "Designating Party": a Party or Non-Party that designates information or

9  items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

10  ONLY."

11       8.      "Disclosure or Discovery Material": all items or information, regardless

12  of the medium or manner in which it is generated, stored, or maintained (including,

13  among other things, testimony, transcripts, and tangible things), that are produced or

14  generated in disclosures or discovery in the Litigation.

15       9.      "Expert": a person with specialized knowledge or experience in a matter

16  pertinent to the Litigation who (1) has been retained by a Party or its Counsel to serve

17  as an expert witness or as a consultant in the Litigation, (2) is not a current employee,

18  officer, or director of a Party, a Party's parent, subsidiary, or other related entity, or a

19  Party's competitor, and (3) at the time of retention, is not anticipated to become an

20  employee or affiliate of a Party or of a Party's competitor.

21      10.      "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"

22  Information or Items: extremely sensitive "CONFIDENTIAL" Information or Items,

23  disclosure of which to another Party or Non-Party would create a substantial risk of

24  serious harm that could not be avoided by less restrictive means, including without

25  limitation technical documents (such as schematics, block diagrams, technical

26  manuals, and Source Code), patent license agreements, sales, profit and loss, business

27  strategy, and customer identity information.

28      11.      "In House Counsel": attorneys who are employees of a Party or a parent

Glaser Weil

2

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1103904

company or other company that owns a controlling interest of a Party.

12.    "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Litigation.

13.    "Outside Counsel": attorneys who are not employees of a Party to the Litigation but are retained to represent or advise a Party to the Litigation and have appeared in the Litigation on behalf of that Party or are employed by a law firm which has appeared on behalf of that Party, as well as their supporting staff.

14.    "Party": any party to the Litigation, including all of its officers, directors, employees, consultants, retained experts, Outside Counsel, and their support staff.

15.    "Producing Party": a Party or Non-Party that produces Disclosure or Discovery Material in the Litigation.

16.    "Professional Vendors": persons or entities that provide litigation support services (e.g., document review, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, hosting, or retrieving data in any form or medium) and their employees and subcontractors.

17.    "Protected Material": any Disclosure or Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

18.    "Receiving Party": a Party that receives Disclosure or Discovery Material from a Producing Party.

**III.  SCOPE**

19.    The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the

3

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1  public domain after its disclosure to a Receiving Party as a result of publication not

2  involving a violation of this Order, including becoming part of the public record

3  through trial or otherwise; and (b) any information known to the Receiving Party

4  prior to the disclosure or obtained by the Receiving Party after the disclosure from a

5  source who obtained the information lawfully and under no obligation of

6  confidentiality to the Designating Party. Any use of Protected Material at trial shall be

7  governed by a separate agreement or order.

8  **IV.   DURATION**

9       20.    Even after final disposition of the Litigation, the confidentiality

10  obligations imposed by this Order shall remain in effect until a Designating Party

11  agrees otherwise in writing or a court order otherwise directs. Final disposition shall

12  be deemed to be the later of (1) dismissal of all claims and defenses in the Litigation,

13  with or without prejudice; and (2) final judgment herein after the completion and

14  exhaustion of all appeals, rehearings, remands, trials, or reviews of the Litigation,

15  including the time limits for filing any motions or applications for extension of time

16  pursuant to applicable law. Counsel shall retain, even after final disposition of the

17  Litigation, each of the executed "Exhibit A" Acknowledgement and Agreement to be

18  Bound documents created at their direction (or on behalf of the Party they represent)

19  during the Litigation for a period of 5 years.

20  **V.    DESIGNATING PROTECTED MATERIAL**

21       **A.    Exercise of Restraint and Care in Designating Material for
         Protection**

22

23       21.    Each Party or Non-Party that designates information or items for

24  protection under this Order must take care to limit any such designation to specific

25  material that qualifies under the appropriate standards. To the extent it is practical to

26  do so, the Designating Party must designate for protection only those parts of

27  material, documents, items, or oral or written communications that qualify – so that

28  other portions of the material, documents, items, or communications for which

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Glaser Weil

1103904

**GlaserWeil**

1    protection is not warranted are not swept unjustifiably within the ambit of this Order

2    provided that a Designating Party may give an entire document a confidentiality

3    designation when it would be unreasonable to separately designate portions of a

4    document.

5        22.    Mass, indiscriminate, or routinized designations are prohibited.

6    Designations that are shown to be clearly unjustified or that have been made for an

7    improper purpose (e.g., to unnecessarily encumber or retard the case development

8    process or to impose unnecessary expenses and burdens on other parties) expose the

9    Designating Party to sanctions.

10       23.    If it comes to a Designating Party's attention that information or items

11   that it designated for protection do not qualify for protection at all or do not qualify

12   for the level of protection initially asserted, that Designating Party must promptly

13   notify all other parties that it is withdrawing the mistaken designation. A Receiving

14   Party likewise may request that a Designating Party reduce or remove a

15   confidentiality designation given to a document if it believes the given confidentiality

16   designation was not warranted or challenge a confidentiality designation as provided

17   below in Section VI.

18       **B.     Manner and Timing of Designations**

19       24.    Except as otherwise provided in this Order (*see, e.g.*, Paragraphs 26 and

20   28 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material

21   that qualifies for protection under this Order must be clearly so designated before the

22   material is disclosed or produced.  Designation in conformity with this Order requires

23   that:

24           *a.     for information in documentary form (e.g., paper or electronic*

25               *documents, but excluding transcripts of depositions or other*

26               *pretrial or trial proceedings)*

27       25.    The Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY

28   CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1103904

1  protected material. To the extent it is practical to do so, if only a portion or portions of

2  the material on a page qualifies for protection, the Producing Party should clearly

3  identify the protected portion(s) (e.g., by making appropriate markings in the

4  margins) and specify, for each portion, the level of protection being asserted.

5  26.  A Party or Non-Party that makes original documents or materials

6  available for inspection need not designate them for protection until after the

7  inspecting Party has indicated which material it would like copied and produced.

8  During the inspection and before the designation, all of the material made available

9  for inspection shall be deemed "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

10  ONLY." After the inspecting Party has identified the documents it wants copied and

11  produced, the Producing Party must determine which documents, or portions thereof,

12  qualify for protection under this Order. Then, before producing the specified

13  documents, the Producing Party must affix the appropriate legend

14  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

15  ONLY") to each page that contains Protected Material. To the extent it is practical to

16  do so, if only a portion or portions of the material on a page qualifies for protection,

17  the Producing Party should clearly identify the protected portion(s) (e.g., by making

18  appropriate markings in the margins) and specify, for each portion, the level of

19  protection being asserted.

20         b.  *for testimony given in deposition* ~~or in other pretrial or trial~~ 

21            ~~proceedings~~



22  27.  That the Designating Party identify on the record, before the close of the

23  deposition, ~~hearing, or other proceeding,~~ all protected testimony and specify the level

24  of protection being asserted. When it is impractical to identify separately each portion

25  of testimony that is entitled to protection and it appears that substantial portions of the

26  testimony may qualify for protection, the Designating Party may invoke on the record

27  (before the deposition, ~~hearing, or other proceeding~~ is concluded) a right to have up to

28  14 days from issuance of the final transcript to identify the specific portions of the

6

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Glaser Weil



1   testimony as to which protection is sought and to specify the level of protection being

2   asserted. Only those portions of the testimony that are appropriately designated for

3   protection within the 14 days shall be covered by the provisions of this Order.

4   Alternatively, a Designating Party may specify, at the deposition or up to 14 days

5   from issuance of the final transcript if that period is properly invoked, that the entire

6   transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-

7   ATTORNEYS' EYES ONLY."

8        28.     Parties shall give the other parties notice if they reasonably expect a

9   deposition, hearing or other proceeding to include Protected Material so that the other

10   parties can ensure that only authorized individuals who have signed the

11   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

12   proceedings. The use of a document as an exhibit at a deposition shall not in any way

13   affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-

14   ATTORNEYS' EYES ONLY."

15        29.     Transcripts containing Protected Material shall have an obvious legend

16   on the title page that the transcript contains Protected Material, and the title page shall

17   be followed by a list of all pages (including line numbers as appropriate) that have

18   been designated as Protected Material and the level of protection being asserted by

19   the Designating Party. The Designating Party shall inform the court reporter of these

20   requirements. Any transcript that is prepared before the expiration of a 14-day period

21   for designation shall be treated during that period as if it had been designated

22   "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" in its entirety unless

23   otherwise agreed. After the expiration of that period, the transcript shall be treated

24   only as actually designated.

25        c.     *for information produced in some form other than documentary*
           *and for any other  tangible items*

26

27        30.     The Producing Party affix in a prominent place on the exterior of the

28   container or containers in which the information or item is stored the legend

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**Glaser Weil**

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2  If only a portion or portions of the information or item warrant protection, the

3  Producing Party, to the extent practicable, shall identify the protected portion(s) and

4  specify the level of protection being asserted.

5    **C. Inadvertent Failures to Designate**

6    31. If timely corrected, an inadvertent failure to designate qualified

7  information or items does not, standing alone, waive the Designating Party's right to

8  secure protection under this Order for such material. Upon timely correction of a

9  designation, the Receiving Party must make reasonable efforts to assure that the

10  material is treated in accordance with the provisions of this Order.

11    **D. Designating Protected Material Produced by Other Party or Non-**

12      **Party**

13    32. Any Party or Non-Party may designate as "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Disclosure or

15  Discovery Materials produced by any other Party or Non-Party, provided that (1) the

16  Designating Party is entitled to a duty of confidentiality regarding the materials

17  subject to such designation and (2) the materials subject to such designation meet the

18  definitions for "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'

19  EYES ONLY" Information or Items set forth in Paragraphs 5 and 10.

20  **VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

21    **A. Timing of Challenges**

22    33. Any Party or Non-Party may challenge a designation of confidentiality at

23  any time. Unless a prompt challenge to a Designating Party's confidentiality

24  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

25  economic burdens, or a significant disruption or delay of the litigation, a Party does

26  not waive its right to challenge a confidentiality designation by electing not to mount

27  a challenge promptly after the original designation is disclosed.

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1103904

**B.    Meet and Confer**

34.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific Section of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**C.    Judicial Intervention**

35.    If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

36.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing

9

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Party's designation until the court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

### A. Basic Principles

37. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Litigation only for prosecuting, defending, or attempting to settle the Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. In no event shall any Competitive Decision-Maker receive, review, or have disclosed to them any Confidential or Highly Confidential Information or Items of any other party. After final disposition of the Litigation, as defined in Section IV, a Receiving Party must comply with the provisions of Section XIV below (Final Disposition).

38. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B. Disclosure of "CONFIDENTIAL" Information or Items

39. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1) the Receiving Party's Outside Counsel who is not a Competitive Decision-Maker and who does not belong to a law firm where any member, partner, or employee of the law firm is a Competitive Decision-Maker;

2) the Receiving Party's officers, directors, and employees who is not a Competitive Decision-Maker and to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

Glaser Weil

1103904

**Glaser Weil**

3)    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 41, below, have been followed;

4)    the court and its personnel;

5)    court reporters, videographers, Professional Vendors, and their staff who have been retained by any party for this Litigation and whom disclosure is reasonably necessary for this Litigation;

6)    professional jury or trial consultants and mock jurors, each of whom (1) is not employed by or an agent of a competitor of the Designating Party, (2) is not employed by or associated with the Receiving Party, (3) is a person to whom disclosure is reasonably necessary for this Litigation, and (4) has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

8)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court, where at least one of the following conditions applies:

      i.    the witness is an employee of the Designating Party; or

      ii.    the witness has previously seen or received the Protected Material.

**C.    Disclosure of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items**

40.    Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

11

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1)   the Receiving Party's Outside Counsel who is not a Competitive Decision-Maker and who does not belong to a law firm where any member, partner, or employee of the law firm is a Competitive Decision-Maker;

2)   up to one identified In House Counsel of the Receiving Party who is not a Competitive Decision-Maker;

3)   Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 41 below, have been followed;

4)   the court and its personnel;

5)   court reporters, videographers, Professional Vendors, and their staff who have been retained by any party for this Litigation and whom disclosure is reasonably necessary for this Litigation;

6)   professional jury or trial consultants and mock jurors, each of whom (1) is not employed by or an agent of a competitor of the Designating Party, (2) is not employed by or associated with the Receiving Party, (3) is a person to whom disclosure is reasonably necessary for this Litigation, and (4) has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

8)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the court, where at least one of the following conditions applies:

    i.   the witness is an employee of the Designating Party; or

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1103904

    ii.    the witness has previously seen or received the Protected Material.

**D.    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Information or Items.**

41.    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL" pursuant to Paragraph 39 Subsection 3) and "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to Paragraph 40 Subsection 3) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (4) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. The request shall also attach a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) that has been signed by the Expert.

42.    A Party that makes a request and provides the information specified in the preceding Paragraph 41 may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Glaser Weil

1103904

1   detail the grounds on which it is based.

2       43.   A Party that receives a timely written objection must meet and confer

3   with the Designating Party (through direct voice-to-voice dialogue) to try to resolve

4   the matter by agreement within 7 days of the written objection. If no agreement is

5   reached, the Party seeking to make the disclosure to the Expert may file a motion as

6   provided in Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if

7   applicable) seeking permission from the court to do so. Any such motion must

8   describe the circumstances with specificity, set forth in detail the reasons why the

9   disclosure to the Expert is reasonably necessary, assess the risk of harm that the

10   disclosure would entail, and suggest any additional means that could be used to

11   reduce that risk. In addition, any such motion must be accompanied by a competent

12   declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the

13   extent and the content of the meet and confer discussions) and setting forth the

14   reasons advanced by the Designating Party for its refusal to approve the disclosure.

15       44.   In any such proceeding, the Party opposing disclosure to the Expert shall

16   bear the burden of proving that the risk of harm that the disclosure would entail

17   (under the safeguards proposed) outweighs the Receiving Party's need to disclose the

18   Protected Material to its Expert.

19   **VIII.  PROSECUTION BAR**

20       45.   Absent written consent from the Producing Party, any individual who

21   receives access to "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"

22   technical information of another Party shall not be involved in the prosecution of

23   patents or patent applications relating in any way to processing or preserving produce,

24   including without limitation the patents asserted in this Litigation and any patent or

25   application claiming priority to or otherwise related to the patents asserted in this

26   Litigation, before any foreign or domestic agency, including the United States Patent

27   and Trademark Office ("the Patent Office"). For purposes of this paragraph,

28   "prosecution" includes directly or indirectly drafting, amending, advising, or

14

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Glaser Weil

1  otherwise affecting the scope or maintenance of patent claims. To avoid any doubt,

2  "prosecution" as used in this paragraph does not include representing a party

3  challenging or defending a patent before a domestic or foreign agency (including, but

4  not limited to, a post-grant review, ex parte reexamination or inter partes review)

5  provided that no claim amending (as described in the prior sentence) is performed by

6  the individual under this prosecution bar.

7      46.    This Prosecution Bar shall begin when access to "HIGHLY

8  CONFIDENTIAL-ATTORNEYS' EYES ONLY" technical information is first

9  received by the affected individual and shall end two (2) years after final termination

10  of this Litigation. To the extent any individual subject to this Order intends to receive

11  only "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" non-technical

12  information and seeks not to be bound by this Prosecution Bar, that individual shall

13  affirmatively disclose prior to the receipt of any "HIGHLY CONFIDENTIAL-

14  ATTORNEYS' EYES ONLY" information his or her name to the party whose

15  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" non-technical

16  information it intends to receive. If at any time subsequent to this disclosure said

17  individual intends to receive "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

18  ONLY" technical information of that same Party, said individual shall affirmatively

19  disclose prior to the receipt of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

20  ONLY" technical information that said individual will be subject to the Prosecution

21  Bar of this Protective Order. The Parties expressly agree that the prosecution bar set

22  forth herein shall be limited to any such individual who reviews "HIGHLY

23  CONFIDENTIAL-ATTORNEYS' EYES ONLY" technical information and shall not

24  be imputed to any other individuals or attorneys at the attorney's law firm or

25  company. The above Patent Prosecution Bar shall not apply to an individual whose

26  only receipt of "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"

27  technical information is in attendance of an open-court proceeding.

28

1103904

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

47.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," that Party must:

1) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

48.     If the Designating Party, within fourteen (14) days of receipt of the notification pursuant to Paragraph 47 Subsection 1), seeks a protective order in the court in the action in which the subpoena or court order was issued, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" before a determination by the court in the action in which the subpoena or court order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Litigation to disobey a lawful directive from another court.

## X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

49.     The terms of this Order are applicable to information produced by a

16

1103904

Glaser Weil

1  Non-Party in the Litigation and designated as "CONFIDENTIAL" or "HIGHLY

2  CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by

3  Non-Parties in connection with this Litigation is protected by the remedies and relief

4  provided by this Order. Nothing in these provisions should be construed as

5  prohibiting a Non-Party from seeking additional protections.

6      50.    In the event that a Party is required, by a valid discovery request, to

7  produce a Non-Party's confidential information in its possession, and the Party is

8  subject to an agreement with the Non-Party not to produce the Non-Party's

9  confidential information, then the Party shall:

10      1)    promptly notify in writing the Requesting Party and the Non-Party that

11          some or all of the information requested is subject to a confidentiality

12          agreement with a Non-Party;

13      2)    promptly provide the Non-Party with a copy of the Order in this

14          Litigation, the relevant discovery request(s), and a reasonably specific

15          description of the information requested; and

16      3)    make the information requested available for inspection by the Non-

17          Party.

18      51.    If the Non-Party timely seeks a protective order, the Receiving Party

19  shall not produce any information in its possession or control that is subject to the

20  confidentiality agreement with the Non-Party before a determination by the court.

21  Absent a court order to the contrary, the Non-Party shall bear the burden and expense

22  of seeking protection in this court of its Protected Material.

23  **XI.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

24      52.    If a Receiving Party learns that, by inadvertence or otherwise, it has

25  disclosed Protected Material to any person or in any circumstance not authorized

26  under this Order, the Receiving Party must immediately (a) notify in writing the

27  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

28  all unauthorized copies of the Protected Material, (c) inform the person or persons to

17

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**Glaser Weil**

1  whom unauthorized disclosures were made of all the terms of this Order, and (d)
2  request such person or persons to execute the "Acknowledgment and Agreement to
3  Be Bound" that is attached hereto as Exhibit A.

4  **XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
5       **PROTECTED MATERIAL**

6  53.   Inadvertent production of privileged information shall be handled as
7  follows, but this is without prejudice to the right of any Party to apply to the court for
8  further protection or disclosure relating to discovery:

9  54.   Pursuant to Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of
10 Evidence 502, immediately upon receiving notice from the Producing Party that
11 information subject to the attorney-client privilege or work-product immunity has
12 been inadvertently produced, the Receiving Party shall not review, copy, or otherwise
13 disseminate the documents or materials, nor shall it disclose their substance. The
14 Receiving Party shall return or destroy (at the Producing Party's option) the
15 documents or materials and all copies within three (3) business days from receiving
16 notice;

17 55.   If the Receiving Party, without notice from the Producing Party,
18 determines that information subject to the attorney-client privilege or work-product
19 immunity has been inadvertently produced, the Receiving Party shall immediately
20 contact the Producing Party and advise them of the inadvertent disclosure. Pursuant to
21 Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502, the
22 Receiving Party shall not review, copy, or otherwise disseminate the documents or
23 materials, nor shall it disclose their substance. In addition, the Receiving Party shall
24 return or destroy (at the producing party's option) the documents or materials and all
25 copies within three (3) business days from discovery of the inadvertent disclosure;

26 56.   If the Receiving Party believes that it has a good-faith basis for
27 challenging the privilege claim, the Receiving Party shall provide the Producing Party
28 with a written explanation of the good-faith basis for the belief that the inadvertently

18

1103904

1  produced documents or materials are not privileged within three (3) business days of

2  the Producing Party's request for return. The Producing Party shall respond in writing

3  to the Receiving Party's timely challenge to the privilege or immunity claim within

4  five (5) business days from receipt of the challenge;

5      57.    In the event the Parties cannot agree as to the privilege or immunity

6  status of the inadvertently produced documents or materials, the Receiving Party shall

7  have five (5) business days from receipt of the Producing Party's written response to

8  the privilege challenge to file a motion (in accordance with any applicable standing

9  orders or local rules) seeking an order compelling production of the inadvertently

10  produced documents or materials. The Receiving Party shall not use the substantive

11  content of the inadvertently produced documents or materials to challenge their status

12  as privileged or immune, but may require the Producing Party to submit the document

13  under confidential seal for the court's review. In the event that a motion is made, the

14  Producing Party shall have the burden of proving that the inadvertently produced

15  documents or materials are privileged or immune from discovery;

16      58.    Inadvertent disclosure of information subject to the attorney-client

17  privilege, work-product immunity, or any other applicable privilege or immunity shall

18  not constitute a waiver of such privilege(s). Pursuant to Rule 502(d) of the Federal

19  Rules of Evidence, the court hereby orders that the attorney-client privilege or work-

20  product protection is not waived by disclosure connected with the above-referenced

21  matter and any such disclosure is also not waived in any other Federal or State

22  proceeding.

23  **XIII. MISCELLANEOUS**

24      59.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

25  person to seek its modification by the court in the future.

26      60.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

27  Order, no Party waives any right it otherwise would have to object to disclosing or

28  producing any information or item on any ground not addressed in this Order.

Glaser Weil

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1103904

1  Similarly, no Party waives any right to object on any ground to use in evidence of any
2  of the material covered by this Order.

3      61.   <u>Filing Protected Material</u>. Without written permission from the
4  Designating Party or a court order secured after appropriate notice to all interested
5  persons, a Party may not file in the public record in this Litigation any Protected
6  Material as that term is defined in Paragraph 17 and explained in Section III (Scope).
7  A Party that seeks to file under seal any Protected Material must comply with Civil
8  Local Rule 79-5 . Protected Material may only be filed under seal pursuant to a court
9  order authorizing the sealing of the specific Protected Material at issue. Pursuant to
10  Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that
11  the Protected Material at issue is privileged, protectable as a trade secret, or otherwise
12  entitled to protection under the law. If a Receiving Party's request to file Protected
13  Material under seal pursuant to Civil Local Rule 79-5.2.2 and is denied by the court,
14  then the Receiving Party may file the Protected Material in the public record unless
15  otherwise instructed by the court.

16  **XIV. FINAL DISPOSITION**

17      62.   Within 60 days after the final disposition of the Litigation, as defined in
18  Section IV, each Receiving Party must return all Protected Material to the Producing
19  Party or destroy such material. As used in this subdivision, "all Protected Material"
20  includes all copies, abstracts, compilations, summaries, and any other format
21  reproducing or capturing any of the Protected Material. Whether the Protected
22  Material is returned or destroyed, the Receiving Party must submit a written
23  certification to the Producing Party (and, if not the same person or entity, to the
24  Designating Party) by the 60-day deadline that (1) identifies (by category, where
25  appropriate) all the Protected Material that was returned or destroyed and (2) affirms
26  that the Receiving Party has not retained any copies, abstracts, compilations,
27  summaries or any other format reproducing or capturing any of the Protected
28  Material. Notwithstanding this provision, Outside Counsel are entitled to retain an

*Glaser Weil*

20

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    archival copy of all pleadings, motion papers, trial, deposition, and hearing

2    transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

3    reports, attorney work product, and consultant and expert work product, even if such

4    materials contain Protected Material. Any such archival copies that contain or

5    constitute Protected Material remain subject to this Order as set forth in Section 4

6    (Duration).

7

8    Date: 1|15|2016               *Alicia G. Rosenberg*

9                               Honorable Alicia G. Rosenberg

                              United States Magistrate Judge

10

11    **APPROVED AS TO FORM AND CONTENT**:

12

13    Date: January 13, 2016            Respectfully submitted,

14

                              /s/ Michael D. Harris

15                               Michael D. Harris

                              SOCAL IP LAW GROUP LLP

16

17                               *Attorney for Plaintiff*

18                               *Oceanovac, Inc.*

19

   Date: January 13, 2016            Respectfully submitted,

20

21                               /s/ Mieke K. Malmberg

                              Adrian M. Pruetz

22                               Mieke K. Malmberg

23                               Jessica Mendelson

                              Dan Liu

24                               GLASER WEIL FINK HOWARD

25                                 AVCHEN & SHAPIRO LLP

26

27                               *Attorneys for Defendant*

                              *Dole Food Company, Inc.*

28

Glaser Weil

1103904

1  *Filers Attestation: Pursuant to Local Rule 5-4.3.4(a)(2), the filer hereby attests that*
2  *all other signatories listed, and on whose behalf the filing is submitted, concur in the*
3  *filing's content and have authorized the filing.*



**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1103904

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], on behalf of

_____ [print or type Party] of _____ [print or

type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District

Court for the Central District of California on _____ [date] in the case of

*Oceanovac, Inc. v. Dole Food Company, Inc. et al.*, Case No. 2:15-cv-05017-GW-

AGRx (C.D. Cal.).  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to

this Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____          _____

City and State where sworn and signed:  _____

Printed name:                            _____

Signature:                               _____

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1103904

GlaserWeil